Nicholson, C. J.,
delivered the opinion of the Court.
A warrant was issued by a justice of the peace, of Gibson county, in favor of E. B,. Eul-ghum, against ¥m. Chapman, administrator de son tort of E. C. Chapman, deceased, and W. 0. Chapman, in a plea of debt. The officer returned it “executed,” and, on the 10th of February, 1866, the justice of the peace “gave judgment in favor of plaintiff for $171 and costs.” Erom this judgment "Win. Chapman appealed to the' circuit court, and gave R. B. Hutchison as his security. At the *552 January Term, 1868, of tire circuit court, tlie death of Wm. Chapman was suggested, and the cause revived by consent, in the name of B. McCaslin as administrator of Vm. Chapman. At the November Term, 1869, a judgment was rendered against the defendants for $205, but execution to issue as to McCaslin, administrator, etc., to be levied of the goods and chattels, rights and credits of his intestate, ¥m. Chapman. A motion for a new trial was made and overruled, but no bill of exceptions was made out and filed.
The cause is brought into this court by writ of error.
The suit commenced before the Justice of the Peace, against ¥m. Chapman, administrator de son tort of E. C. Chapman, deceased. As the law recognizes no such person as ah administrator de son tort, we are to presume that by oversight or ignorance the suit was so brought, instead of against ¥m. Chapman, executor de son tort of E. C. Chapman. It is apparent that' it was not intended to sue TV. Chapman personally, but in his representative capacity.
The judgment rendered by the Justice of the Peace is informal and incomplete — it is a judgment in favor of the plaintiff, but in terms there is no judgment against any one. The presumption is, that it was intended to be a judgment against ¥m. Chapman as executor in his own wrong, as it was in that character that he was sued, and *553 also against "VY. 0. Chapman, the other defendant. Assuming that the judgment was rendered against "VY. Chapman as executor de son tort, the proper judgment would have been, that the plaintiff recover the debt and costs, to be levied of the assets of the testator, E. C. Chapman, if the defendant have so much, but if not, then out of the defendant’s own goods. Such, we infer, was the judgment, under our habit of liberal presumptions as to proceedings before justices of the peace, in which no written pleadings are required.
Erom this judgment "VYm. Chapman alone appeals, and gives bond with R. B. Hutchinson as security. The appeal vacated the judgment below as to "VYm. Chapman, and brought the cause into the circuit court for trial de novo. In the circuit court the cause is docketed, at the November Term, 1867, as the case of E. R. Eulghum v. "VY. Chapman. No notice is taken of the representative character in which he was sued. At that term, the death of "VYm. Chapman was suggested and admitted, and at the July Term, 1868, the suit was revived, in the name of B. McCaslin as administrator of "VYm. Chapman. Erom this term, until the November Term, 1869, the cause was docketed in the name of E. R. Eulghum v. B. McCaslin, administrator of "VYm. Chapman. But at the November Term, 1869, when the final judgment was rendered, the cause stood docketed: E. R. Eulghum v. "VY. 0. Chapman, and B. McCaslin ad *554 ministrator of "Wm. Chapman, and K. 33. Hutchinson security. The judgment was rendered against all of the defendants named, as already stated.
As the case comes before us by writ of error, with no bill of exceptions, we are restricted to the face of the record, in determining whether the judgment is erroneous or not. In making this inspection of the record, we are to be guided by the well-established rule, that as the cause was properly triable in the circuit court without written pleadings, we are to presume liberally in favor of the correctness of the action of the court. As the defendants failed to set out their defense, either by written pleas, or by a bill of exceptions, they cannot complain, if all fair presumptions are adopted in support of the judgments.
The Justice’s warrant was the leading process in the suit. This is part of the record on the appeal. 33y this we see that the suit was commenced against Wm. Chapman as executor de son tort of E. C. Chapman, deceased. He was not brought before the magistrate, or by the appeal into the circuit court, to answer in a plea of debt that he owed individually and personally, but a debt owing by E. C. Chapman, of whom he was alleged to be executor. But as far as the record speaks, after the cause . got into the circuit court, the suit is never found docketed there against him as executor, either rightful or wrongful, but down to his death he stands there as defendant in his individual capacity. Upon his death the suit *555 is revived in the name of B. McCaslin as administrator of Ym. Chapman, and not as administrator de bonis non of E. 0. Chapman, deceased. It appears, therefore, that after the cause came into the circuit court, so far as the record shows, it was not prosecuted against Ym. Chapman in a representative capacity, but in his individual capacity, and after his death it was prosecuted to final judgment against his personal representative, as if the suit had been originally brought against Ym. Chapman for his individual debt.
But notwithstanding the fact, that the record of the circuit court nowhere indicates that the suit was being prosecuted against Ym. Chapman as executor of. his own wrong, yet we can see from the judgment of the justice of the peace, and from the appeal bond, that the case was brought into the circuit court, to get clear of a personal liability fixed upon him by the judgment of the justice of the peace, and. that the docketing of the case against him in his individual name, without annexing the representative character in which he was sued, was the result of a clerical omission. It being, in fact, a suit against him as executor of his own wrong, and no written pleadings being required, we may presume that the proper issues were made up orally for trying the question, whether he was executor in his own wrong or not, and whether as such he was individually liable. We have before us a regular judgment rendered against the administrator of Ym. Chap *556 man. It was rendered by a court having full jurisdiction of the case. Every presumption is to be made in favor of tbe validity of such a judgment.
The defendant has failed to avail himself of the means in his power, if any existed, to rebut the presumption, which the law raises. He has not put in issue, by written pleadings, his personal liability; .nor has he made up and filed .his' bill of exceptions, to show that any error was committed by the jury for want of evidence, or by the circuit judge, in charging the law. The presumption, therefore, strong as it is, rests upon sound reason and policy. As the leading process shows that ¥m. Chapman was brought into .court to answer as executor of E. C. Chapman, whether rightful or wrongful is immaterial, we are bound to presume that the pleadings and proceedings were so conducted as to justify the verdict and judgment finally rendered against his administrator.
But the question next arises, whether the judgment rendered against K. B. Hutchinson, as security, can be sustained? • The record states, that the judgment is rendered against Hutchinson, as security on the appeal bond. This recital has reference to the appeal bond given by ¥m. Chapman upon his appeal from the judgment of the justice of the peace. This bond is the penalty of three hundred and fifty-two dollars, and is conditioned, that if Wm. Qhapman “fails to prosecute his ap *557 peal successfully, R. 33. Hutchinson will comply with and perform the judgment of the circuit court.” "VVe have already seen that the judgment was rendered against Vm. Chapman individually and personally, on the allegation that he was executor in his own wrong, of E. C. Chapman, deceased. It was from this judgment that ¥m. Chapman appealed, and on his appeal bond Hutchinson became security. He binds himself to comply with the judgment of the circuit court, if Chapman should fail to prosecute his appeal with success.
It is insisted for Hutchinson, that as Chapman was sued as executor, the appeal bond could be taken legally, for costs and' damages only, and consequently, that the judgment could only be given for costs and damages, against either the executor or his security. The law is so held in Banks & Walker v. McDowell, 1 Col., 84. In that case it is said, that although the bond be given expressly to cover the debt, as well as the costs and damages, judgment can only be given for costs and damages. The reason given, is, that “ it is not the property of the administrator that is proceeded against, in suits against him as such, but the funds of the intestate debtor in his hands.” It is true, that in many respects an executor of his own wrong may make the same defenses as a rightful executor. It .is also true, that when sued as an executor in his own wrong, he is- proceeded against upon the presumption that he has assets of the intestate in his hands, which are primarily *558 sought to be reached. But there is this material distinction between the two kinds of executors — ■ the one can retain for his own debt — the other cannot. The latter kind of executor is wrongfully in possession of the assets, and he can only escape liability, by showing that he has fully administered by payments to other creditors than himself. While, then, it is true, that when a creditor sues an executor de son tort, he seeks first to subject the .funds of the intestate in his hands, yet he seeks also to make the executor personally liable, in the event he has appropriated the assets to his own debts. The reason, therefore, given, for allowing an executor to appeal without giving security for the debt, does not hold good in a case where the suit is brought to make an executor of his own wrong liable personally, and which has resulted in a judgment fixing upon him such liability.
But for another reason, we are of opinion, that the judgment, in the case before us, against Hutchinson as security on the appeal bond was erroneous. By sec. 8162 of the Code, it is provided, that “in all actions on bonds for the payment of money, bills single, bills of exchange, promissory • notes, etc., if the appellant take an appeal in the nature of .a writ of error, from an inferior to a superior jurisdiction, the bond shall be taken, and the securities be bound for the payment of the whole debt, damages and costs, and for the satisfaction of. the judgment of the superior court.
*559 But by sec. 8163, in all other cases of appeal in suits at law, tlie bond shall be for damages and costs only.
The suit in this case was to recover a debt due from E. C. Chapman, but the record does not show on what the debt was based. The liability of "Wm. Chapman depended upon its being made to appear that he was wrongfully in possession of assets of E. C. Chapman, to the amount of the debt. The judgment was rendered for the amount of the debt, but not upon any note, bond or other obligation of "Wm. ‘Chapman, but upon his wrongful conversion of assets properly subject to. the satisfaction of the debt. The case, therefore, falls under the provisions of sec. 8163, and' the only judgment that could be rendered on the appeal bond, was a judgment for costs and damages. It results that the judgment against B. McCaslin, as administrator of Wm. Chapman, was correct, and is affirmed, but the judgment against II. B. Hutchinson as security on the appeal bond was erroneous, and the same is reversed, except as to costs and interest, as damages.