JAMES T. PATTERSON, Administrator, and A. G. MERRITT
     *v.* FRANCIS H. GORDON, Executor, and others.

### April Term, 1875.

JUDGMENT TAKEN IN VIOLATION OF INJUNCTION WILL BE PERPETUALLY EN-
    JOINED ON PETITION. — Where, pending an appeal by an administrator
    from the judgment of a justice on *scire facias* to revive a judgment against
    the intestate, the administrator filed his bill in this court for the adminis-
    tration of the estate, and obtained an injunction enjoining the appellee from
    further prosecuting his suit against the administrator, which was duly

served, but the appellee proceeded to have the justice's judgment affirmed, the judgment was perpetually enjoined on petition.

INJUNCTION — COMMON AND SPECIAL. — The common injunction, which formerly issued as of course upon the failure of the defendant to answer, no longer exists in this state, every injunction being special.

SAME — RELEASE OF ERRORS. — The suing out of an injunction is, under the Code, sec. 8107, only a release of errors in the legal proceedings which might be taken advantage of in an appellate court, but does not affect the remedy of the party, if he have any, in equity.

APPEAL BOND — JUDGMENT OF REVIVOR — SURETY. — An administrator is entitled to appeal from a judgment against him upon a bond for costs, and a bond given in such case, which is conditioned for the payment of the debt, is to that extent not binding on the surety, and a judgment thereon erroneous as to him.

*A. G. Merritt*, for petitioners.
*J. P. Helms*, for defendant.

THE CHANCELLOR : — Petition to have a judgment at law declared void, and its execution perpetually enjoined, upon the following facts :

On April 23, 1860, E. H. Childress recovered a judgment before a justice of the peace, against T. M. Patterson, M. L. Patterson, and E. M. Patterson, for $470. E. M. Patterson afterwards died, and petitioner James T. Patterson qualified as his administrator. In January, 1866, *scire facias* was sued out on this judgment, in the name of Thomas Chadwell, executor of E. H. Childress, who had also died, and against said petitioner as administrator of E. M. Patterson, to revive said judgment, and the same was ordered by the justice, January 20, 1866, to be revived. From this judgment of revivor the said petitioner appealed to the Circuit Court, and gave bond, with co-petitioner as his surety, in the penalty of $800, conditioned to prosecute the appeal with effect, and, in case of failure, to comply with and perform the judgment of the court. On February 7, 1866, petitioner Patterson, as administrator as aforesaid, filed his bill in this court to have the estate of his intestate, E. M. Patterson, adminis-

tered as an insolvent estate, the said Thomas Chadwell, as executor of Childress, being made a defendant, and an injunction was ordered and issued in said cause, commanding the defendants named in the bill, and all other creditors of E. M. Patterson, to desist from prosecuting their suits against the administrator of said estate, and the injunction was executed on the said Chadwell. Afterwards, on June 5, 1867, and in violation of the injunction, Chadwell took judgment in the appeal case against the petitioners, for the debt and interest of the magistrate's judgment, and has recently caused execution to issue thereon, which has been levied on land of the petitioner Merritt.

The appeal, having been prosecuted to a judgment against the petitioner Patterson after the issuance and service of the injunction, was in plain violation of the mandate of this court, and the petitioners are *primâ facie* entitled to have it declared void, and perpetually enjoined. It is incumbent on the defendant to show sufficient cause to the contrary.

This has been attempted by the learned counsel of the defendant, in a brief submitted with the papers. His first position is that his client was entitled, notwithstanding the injunction, to proceed with the cause to judgment, for which he cites *Hendricks* v. *Dallum*, 1 Tenn. 428. In that case the court, after stating that injunctions may be obtained before or after suit at law, say: "If after suit, and before plea, the suit at law may proceed to issue, but must stop there. If after issue, it proceeds to judgment, and there stops until the determination of the suit in equity." The question before the court was whether the injunction sued out might be set aside, or must "attend the final determination of the cause," as provided in actions of ejectment or caveats by the act of 1801, ch. 6, sec. 47. The injunction was held to be within the statute, but the court undertake to state the practice regulating the common injunction, which then issued as of course upon the failure to

answer, or delay in answering, the bill, but has since ceased to exist in this state, every injunction being, by statute, special.   Code, secs. 4444, 4451; *Chadwell* v. *Jordan*, 2 Tenn. Ch. 636.   The common injunction commanded the defendant to desist from all further proceedings at law touching the matters of the bill until he shall have fully answered the bill, cleared his contempt, and the court shall have made other orders to the contrary.   But the defendant was nevertheless at liberty to call for a plea, and to proceed to trial thereon, and for want of a plea, to enter up judgment; but execution is thereby stayed.   Such is the exigency of the writ.   All other injunctions granted upon other occasions, or involving other directions, are called special injunctions.   Story's Eq. Jur., sec. 892.   In analogy to the common injunction, the better practice undoubtedly is that the special injunction should be granted only upon the terms of closing the legal contest, or allowing the plaintiff to proceed to judgment.   *Mathews* v. *Douglass*, Cooke, 136, and cases there cited; *Chadwell* v. *Jordan*, 2 Tenn. Ch. 635.   But if granted without qualification, a special injunction against further proceedings at law must be literally obeyed.   Moreover, the policy of our laws regulating the administration of insolvent estates in this court, as evidenced by the Code, secs. 2383, 2384, is to prevent the accumulation of costs in suits at law after injunction, and expressly forbids further proceedings unless by special leave of the chancellor, or good cause shown.

It is next insisted that the suing out of the injunction under this petition was a release of errors in the judgment at law, which, if I understand the argument, precludes this court from granting the relief asked.   Code, sec. 3107; *Overton* v. *Perkins*, Mart. & Y. 368; *Henly* v. *Robertson*, 4 Yerg. 172.   The argument seems to be that if the judgment was wrongfully obtained, the suing out an injunction cures the wrong.   But section 3107 of the Code only releases such errors as might be reached by appellate proceed-

ings to a higher court, and the suing out of the injunction would be a good plea in the appellate court to bar a revision in that court. 4 Yerg. 172. The object of the act was to prevent proceedings at law and proceedings in equity at the same time, touching the same subject-matter of litigation. And this end equity had previously attained without statute, by compelling the party who comes into chancery for relief to elect in which court he will proceed. *Cocke's Lessee* v. *Dodson*, 1 Tenn. 169; *Cockerell* v. *Cholmondeley*, 1 Russ. & M. 418; *Webb* v. *Williams*, Walk. Ch. 452. It was never intended to deprive a party who sues out an injunction of all relief, either at law or in equity. He loses his remedy, if he have any, at law, but is entitled to his equitable relief.

· If the judgment were wrongfully taken against the petitioner Patterson, it was, of course, equally wrongful as to the co-petitioner, his surety. The latter was not liable at all unless the principal failed to prosecute the suit successfully, — a contingency which could not possibly be tested so long as the injunction continued to operate.

The judgment against the surety was clearly erroneous. For, the only bond which could be required on appeal from a judgment of revivor was a bond for costs. *Bilbo* v. *Allen*, 4 Heisk. 31. And if the judgment had been against the petitioner Patterson originally as administrator, he was entitled to appeal from it upon giving a bond for costs. *Banks* v. *McDowell*, 1 Coldw. 84. The bond was, therefore, void as to the surety, except for costs, and any judgment thereon beyond the costs was erroneous. *Banks* v. *McDowell*, 1 Coldw. 84; *Hutchinson* v. *Fulghum*, 4 Heisk. 550. The correction of the error would, however, not be in this court.

The petitioners are entitled to have the judgment in question declared void as to them, and perpetually enjoined, with costs.