J. B. MARSHALL, et al., v. JOHNSON HARDWARE CO.

Eastern Section. February 13, 1926.

No petition for Certiorari was filed.

1. **Trial. Defendant can not be penalized for failing to make defense before time allowed by law.**
   A defendant can take advantage of all delays which the law permits and may rely upon the weakness of the plaintiffs' case. As long as he can keep the case alive he can not be penalized for his dilatoriness.

2. **Appeal and error. Assignment of error must be specific.**
   An assignment of error that the court erred in not taxing defendant with all the costs does not comply with the rules of the court and is insufficient.

Vol. 5 T. A.—24.

3. **Judgments. A default judgment may be appealed from.**
A failure to make defense is quite a different thing from one who affirmatively confesses judgment and is thereafter estopped, as it were, to deny, and to say that he is dissatisfied with it. One who merely neglects for a time to make a defense, is not estopped to make one until some final decree that is not subject to be appealed from.

4. **Justices of peace. Judgments. All jurisdictional requisites must affirmatively appear on the face of the record.**
Justices of peace being courts of inferior jurisdiction, all jurisdictional requisites must affirmatively appear on the face of the record.

5. **Garnishment. Garnishee may appeal from judgment rendered against him.**
Where defendant was made garnishee in an action and failed to answer and a conditional judgment was rendered against him which was later made final and he then for the first time appeared and appealed, held that the judgment was such as might be appealed from.

Appeal in Error from Johnson City Law Court, Washington County; Hon. D. A. Vines, Judge.

Miller, Depew & Lee, of Johnson City, for plaintiff in error.
Geo. M. Dunn, of Johnson City, for defendant in error.

SNODGRASS, J.—This a garnishment proceeding. Most of the controversy is over immaterial matters. Originally, it is claimed, the Johnson Hardware Company recovered a judgment against J. B. Marshall. At any rate the company obtained an execution against him, which it sought to levy through process of garnishment against the defendants Evan S. Rees and Rees Tobacco Warehouse Company, as it was called in the summoning notice. The execution came into the hands of one J. W. Keens, deputy sheriff, and he executed the same on the said Evans S. Rees and Rees Tobacco Warehouse Company, by delivering to said Evan S. Rees a copy of the garnishment, which summoned them to appear before W. A. Dickinson, who it seems was a Justice of the Peace, on the 24th day of January, 1925, at 10 o'clock a. m. to answer the garnishment. In this garnishment the defendants were notified that property and effects of the defendant in the execution were impounded in their hands, and they were required to appear and answer certain questions touching their liability, as is usual under the garnishment statute.

The parties did not appear at the time and place in person, but the defendant Rees mailed an answer to the Justice of the Peace, which stated under oath that J. B. Marshall earned nothing in last days, and that he owed him nothing at time of service of the notice, having nothing subject to the garnishment. Not appearing in person, as he should have done, and the answer not being regarded as sufficient, if indeed it arrived in time, it is insisted that a conditional judgment was rendered against him on the 24th day of

January, 1925, for the said sum of $95.84, and a scire facias was directed to issue requiring the said defendants to appear before said justice and show cause, if any they had, why this judgment should not be made final. This was served upon the said Evan S. Rees, who again failed to appear, and on said date, January 27, 1925, the judgment was made final. At this, the certain, sure and inevitably foreclosing process of the law, the defendant Rees and his warehouse company were galvanized with some activity, and he prayed for an appeal and filed an appeal bond on the 29th day of January, 1925, which was accepted and filed by said justice on the same date, reciting that an appeal had been prayed for and granted from a judgment rendered for $95.84 against them as garnishee defendants by W. A. Dickinson, Justice of the Peace, on the 27th day of January, 1925, in the case of Johnson Hardware Co. v. J. B. Marshall, et al.

The case was then heard before his honor, Judge D. A. Vines on the 5th day of August, 1925, without the intervention of a jury, who held that the said appeal was properly prayed, granted and perfected, and that the cause properly stood for trial in his court de novo, and that therefore plaintiff's motion to dismiss the appeal was overruled; to which action plaintiff excepted.

It was further ordered, adjudged and decreed, and the court found as a fact, that the garnishee defendants, Evan S. Rees and Washington County Tobacco Warehouse did not at the time of the service of the garnishment notice in this cause owe the defendant J. B. Marshall anything; that the defendants did not have in their possession or control any property of said Marshall, and defendants did not know of any other person, firm or corporation who owed the defendant Marshall, or who had any property in their possession subject to the control of said Marshall, and it was therefore accordingly ordered, adjudged and decreed that the suit as to defendants Evan S. Rees and the Washington County Tobacco Warehouse be dismissed, and that the defendants be taxed with the costs of the appeal, for which execution was awarded.

Both sides filed motion for a new trial, which, being overruled, both sides perfected appeals to this court, but only the appellant Johnson Hardware Company has assigned errors, appellees Rees and the Warehouse Company having abandoned their appeal.

The plaintiff in the execution, Johnson Hardware Company, filed seven assignments of error, as follows:

"1. The court erred in holding that defendants were entitled to an appeal in a case of this kind, and in not dismissing appeal of defendants on motion of plaintiff, Johnson Hardware Company, so to do."

"2. The court erred in holding that defendants were entitled to a trial de novo in the law court from this judgment of the Justice of the Peace against defendants, or any such judgment so rendered, and in compelling plaintiff Johnson Hardware Company to again offer proof and go to a trial of the case in the law court."

"3. The court erred in holding that, even should such case be appealable from the magistrate's court to the law court, that a judgment of this nature, or any default judgment, can be set aside."

"4. The court erred in holding that the judgment obtained in this case, a default judgment, could be set aside for the reasons alleged by defendants, viz: the press of urgency of business, or being too busy to answer such suit."

"5. The court erred in permitting any testimony as to whether said defendants were indebted to J. B. Marshall, or knew of any property belonging to him, etc., such question not being a proper one to raise in the law court."

"6. The court erred in holding that said defendants were not indebted to Marshall in any sum, and in not holding that they were indebted to him in the just and full sum of the amount of judgment rendered against them by W. A. Dickinson."

"7. The court erred in not taxing defendants with all the costs."

The defendants, Evan S. Rees and Rees Tobacco Warehouse, or Washington County Tobacco Warehouse, have made no formal assignments of error, notwithstanding their appeal from the judgment taxing them with the costs below. They state in their brief that the judgment of the court below should be affirmed.

As will be seen, the first five errors assigned are predicated upon the alleged inviolability of the justice's judgment rendered upon the return of the scire facias. As no question was made in the evidence or upon the regularity of the appeal from this judgment, that it was not granted or bond filed in time, but simply that the judgment of the Justice of the Peace was not appealable, the defendants not having theretofore claimed attendance upon the trial, and that the judgment of the Justice of the Peace had in this kind of a case become as it were res judicata, and could not be inquired into, or attacked by the appeal, no such question could be made here, nor is it attempted.

Of course if counsel for appellant, the plaintiff in the execution is correct in the contention that such a judgment could not be appealed from, then the law court should not have entertained the appeal, and all subsequent action thereon was simply coram non judice.

The judgment would have become final had the defendants to the garnishment proceedings remained inactive just a little longer and permitted the two days allowed for the appeal to have elapsed. But this question was not made below, and therefore, of course, is not available here. Had the appeal not been prayed for'or granted, or had the bond not been filed in time, and this question made and the appeal dismissed, then the defendants might have been relegated to their action for fraud to set it aside, if any such could have been alleged and proven sufficient to do so; as upon certiorari, in lieu of a lost appeal, the excuse that "he was too busy and did not have time to fool with it," would have been hardly sufficient to have entitled him to that remedy and a retrial of the case. However, with all due respect to the execution plaintiff's insistence, we think that the judgment rendered by the justice on the scire facias, reciting a conditional judgment, which was sufficiently rendered, and appearing within its recitals if not otherwise, was the first time an appeal could be entertained. And as this was on the 27th, an appeal on the 29th of January, 1925 was in time, and sufficient to vacate the final judgment of the justice. Defendants can not be penalized for failing to put in a defense before that time, for it must be allowed that a defendant can take advantage of all delays which the law permits, and to rely upon the weakness of the case that must work in the lead. As long as he can keep the case alive, however, it can not be said to be closed, even though by his dilitoriness he may manifest himself of wisdom or indiscretion and incur the payment of some costs, which it seems was visited upon the defendants by the trial court. A defendant has the right to continue a case through all its jurisdictional vicissitudes to an authoritative determination.

Garnishment proceedings, though regulated by statute, are invested with no special dignity that would deprive a defendant of this right, for in the process of the sequestration of choses in action of the defendant in the execution it partakes of the nature of a suit of the plaintiff in the execution against the debtors of the defendant in the execution. The summons and notice is somewhat like a warrant and attachment. He is to appear and answer if he has effects or knows of them, and if he appears to be indebted to the defendant in the execution, under the statute judgment is to be rendered against him for the amount shown. This is by virtue of the statute, as ordinarily the collection of simple accounts must be made by the person to whom they are owing; and if by one to whom such accounts have been assigned without acceptance by the debtor, the name of the original creditor must be used for the benefit of the assignee, but in cases of this kind the account may be col-

lected directly by the execution plaintiff, and execution would issue thereon as other final process in ordinary cases.

In effect, therefore, it is a suit of the plaintiff in the execution to collect from the defendants what might be due from them to the defendant in the execution, and the evidence of the plaintiff's claim or right to collect must depend not only upon the execution, but upon the judgment that supports it; and the judgment depends for its validity (as there is no presumption which supports it) upon the question as to whether or not a summons was regularly issued and served which gave jurisdiction to the justice to render it.

If, then, the case was appealable, the law court acquired jurisdiction, and if it did, then the controversy is settled against every contention of the appellant plaintiff in the execution; for there being no assignment that there is no evidence to support the verdict or judgment, and the other two assignments being simply that "the court erred in holding that said defendants were not indebted to Marshall in any sum, and in not holding that they were indebted to him in the just and full sum of the amount of judgment rendered against them by W. A. Dickinson," and that "the court erred in not taxing defendants with all the costs," are not such as under the rules would require the court to take up and search for errors, and therefore are insufficient.

Nevertheless we have examined the record, from which we find, that the cause was heard before the court, and that the defendant Rees testified as follows:

"That he was the defendant, Evan S. Rees and also that he was the Washington County Tobacco Warehouse (that there is no such concern as the Rees Tobacco Warehouse nor never was and that the proper name is Washington County Tobacco Warehouse) owning it all himself it being a firm, and that at the time of the service of the garnishment on him he was very busy at his warehouse, that he went immediately to a notary public and prepared a statement to the effect that neither he nor the Washington County Tobacco Warehouse at the time of the service of this garnishment notice, owed J. B. Marshall anything, swore to same and mailed it to W. A. Dickinson, Justice of the Peace, a copy of same being herewith filed as Exhibit 'A' hereto; that neither he nor it had since owed said Marshall anything and do not now owe him anything; that neither he nor said Warehouse knew, nor did they at the time of the service of the papers referred to, nor since nor now know of any person, firm or corporation that has any property or other valuable belonging to said Marshall or subject to his control, nor had they ever had any property of any kind under said Marshall's control in any way."

There was no evidence to show that defendants did owe the defendant in the execution anything. The finding of the court was therefore abundantly sustained by the proof. Rees was the owner of the Washington County Tobacco Warehouse, which in fact was a trade name rather than a firm, though this name had been variously represented.

This was a judgment rendered by the justice against the garnishee in a civil action. Section 4871 of Shannon's Code provides:

"Any person dissatisfied with the judgment of a Justice of the Peace, mayor or recorder, in a civil action, may within two entire days thereafter, Sunday exclusive, appeal to the next term of the circuit court."

Then again by Section 5252 of Shannon's Code, it is provided:

"An appeal lies in all garnishment cases, at the instance of the plaintiff, the defendant or the garnishee."

Under these statutes it is not perceived how it can be insisted that an appeal in this case did not lie.

After citing the section as to conditional judgment and notice, and then final judgment had thereon, the brief continues:

"It would seem that if there has been a substantial compliance with the above provisions of the Code, then the judgment rendered by the justice, W. A. Dickinson, is complete."

This is quite true, but it is still subject to be seasonably vacated by appeal or certiorari filed in lieu thereof and a trial of the same case had de novo. Kerr v. Schade, 7 Lea, 298, 294; Hutchinson v. Fulghum, 4 Heisk., 553; Stowers v. Ware, 3 Tenn. Civ. App., 438.

This is not a case of confession of judgment referred to in the Code section cited in the brief and quoted in the case of Hilton v. Miller, 5 Lea, 398, thus:

"Under section 4835, a judgment by confession is a release of errors, and under this section, no appeal or writ of error lies from a confessed judgment."

This judgment was had upon default. A failure to make defense is quite a different thing from one who affirmatively confesses judgment and is thereafter estopped, as it were, to deny, and to say that he is dissatisfied with it. One who merely neglects for a time to make a defense, is not estopped to make one until some final decree that is not subject to be appealed from. And this is not a case where the circuit court merely revises the judgment of the justice, as upon appeal to this court from the circuit court, but the trial is to be had over again, as upon original instance.

And the right to a judgment against the defendant would have depended upon whether and how much the defendants to the garnishment owed the defendant in the execution, and also upon the fact as to whether the execution issued upon and in substantial

conformity to a judgment, and the judgment itself dependent upon it being made to appear that the justice who rendered it had jurisdiction to do so by the proper service on the defendant of a validly issued warrant, or that the defendant had entered his appearance to such warrant, or the jurisdiction obtained in some legal way.

As stated, there is no presumption as to the regularity of the proceedings in these inferior jurisdictions, as to the essential things of jurisdiction, but only where it appears on the face of the proceedings that the justice had jurisdiction of the subject-matter and of the parties.

As to the original judgment, it only appears that the justice rendered a judgment in favor of the plaintiff Johnson Hardware Co. v. J. B. Marshall, but it does not appear that he had jurisdiction of the person of the said Marshall to render the judgment by the production of a warrant lawfully issued and properly served, or that Marshall waived same by entering his appearance. On the contrary the memorandum of the judgment exhibited shows that he did not appear.

It was therefore incumbent upon the plaintiff in the execution on the trial before the law court to make this fact of jurisdiction appear, and failing to do so he failed in establishing one of the things necessary to be established to entitle him to a judgment against the defendant, and for this reason the court should have dismissed his suit. But as stated, he found from the evidence that the defendants did not owe the plaintiff in the execution anything at the time of the service of the garnishment, and there was nothing in the situation or proof justifying any judgment against them, and the proof abundantly justifies this finding.

It results, therefore, that there is no merit in any of the assignments of error. They are all overruled and the decree of the lower court affirmed, with costs against appellant and his security as to this court, and cost below will remain as adjudged below.

There was a motion made to strike the reply brief and argument and all attachments thereto from the record because not filed in time, but upon application time was extended so as to eliminate that motion.

The motion sought also to be relieved of the agreement under which certain of the record was filed as upon a suggestion of the diminution thereof, especially as to the filing of the bond before the justice; but there is no sufficient reason stated, and besides there was no question made, as stated, as to the regularity of the appeal in the court below, but only as to the case being appealable, and such application is disallowed.

Appellee Rees also moved to dismiss the appeal and affirm the judgment, because the bill of exceptions failed to show that it con-

tained all the evidence, but recited that it contained all the material evidence. We think this motion should be sustained if the determination of the case rested upon the evidence, as it does, but as we have found that it is not essential to presume facts to sustain the finding and the dismissal, which is abundantly sustained by the failure of the plaintiff to prove his case, and by the material evidence that is reported, we prefer to place our action on the merits of the case, which we have done.

There is likewise a motion to disallow the fees of the clerk because of the somewhat confused condition of the record in relation to the sequential order of the placing of papers in the bill of exceptions, but as perhaps he was not altogether to blame for that we feel constrained to overrule the motion.

Portrum and Thompson, JJ., concur.