NelsoN, J.,
delivered the opinion of the Court.
On the trial of this action of unlawful entry and detainer, it was proved that, in 1858 or 1859, the defendants in error rented the lands mentioned in the warrant, on certain specified terms, to Alsop & Piérce, by verbal contract; that other persons took possession under Alsop & Pierce; that in 1862 Warren took possession without any contract with defendants in error, and made some improvements on the premises, the defendants in error laboring for him and receiving a daily compensation; that in 1866 he admitted their title in conversation with one of them, and said he xraght to be shot if he claimed the property in the same way that T. E. Warren was claiming the property of E. T. Stone; that in August or September, 1868, he offered to give them the possession of one house, but claimed that he had the right to the property for two years for digging a cellar, as to which there was no contract; and that plaintiff in error had about one acre of the land cleared and in cultivation *622 near the Nashville and Chattanooga Kailroad, where there was a flag station. One of the defendants in error testified that plaintiff in error had not denied the title of the defendants in error until a few days before this suit was brought on the 14th of January, 1870, when he said he had purchased the land of other parties. There was no proof as to the payment of rent, or any express contract as to the leasing of the premises to plaintiff in error.
On this state of facts, the plaintiff in error, by his counsel, requested, the court to charge the jury that, if he went into possession under a lease void by the statute of frauds, and held over more than a year, he would be entitled to notice to surrender the possession before this action could be maintained, and that the action could not. be predicated of a mere tenancy, created by operation of law, without any contract with the landlord or his tenants. After giving other appropriate instructions to the jury, his Honor charged, in substance, that if the defendant, within three years next preceding the commencement of the suit, acknowledged and recognized the title of plaintiffs, and their right to the possession, but afterwards, and within the three- years, denied their title and right of possession, the action could be maintained, and no notice was necessary other than the service of the writ.
In this charge there is no error. It was not necessary to prove an express contract or acknowledgment of tenancy, and it could be properly inferred from the conversations of 1866 and 1868, in which *623 nothing more was claimed than an estate for years. If the plaintiff in error, in the absence of an express contract, should have been considered as a tenant for the year 1870,«his disclaimer of tenure made known to his landlord, worked a forfeiture of his term. It is a fixed rule of law that “notice to quit is not necessary in a case where the possession is adverse, nor where the tenant has attorned to some other person, or done some other act disclaiming to hold as tenant”: 1 Lomax Dig., 165.
The description' of the premises in the warrant as “certain land, and the house and improvements, to-wit, the house and lot of land whereon the said Ladd now resides, the said premises being situated in said county and State,” is sufficient. See Butcher v. Palmer, 1 Heis., 431, 432. Such a description would be good in an action of ejectment: See Tillinghast’s Art. on Eject., 27. A description by boundaries is not required in the Code, s. 3349.
There is no error in the record, and the judgment will be affirmed.
A petition for a rehearing having been filed, it was dismissed by the court. . NelsoN, J., delivering the following opinion:
The question submitted in the petition to rehear, filed in behalf of the plaintiff in error, was not presented for consideration in any of the arguments or briefs, before the former opinion was delivered.
The appeal bond executed before the justice was *624 conditional, among other things, “ to pay and satisfy all such costs, damages and rents as may be awarded,” etc. The bond executed in the Circuit Court for the appeal to this court, is conditioned that “the said D. B. Ladd shall prosecute said appeal with effect, or in case of failure, shall abide by and perform the judgment of the court in the premises.”
It was proved upon the trial in the Circuit Court that the rent was worth from $12 to $15 per month. The jury found the damages which had accrued to the plaintiff, by reason of the detention and occupation of the premises, at $200; that defendants improvements were worth that amount; and that the same constituted a set-off against the amount of damages. It is not material to consider whether the set-off thus made was allowed under a misconception of the Code, s. 3261, which seems to apply only to cases in which an action is brought for mesne profits and not to cases of forcible entry and detainer. The plaintiff below did not appeal, and that question is not before the court. If there was any error in this, it is against him and does not vitiate the verdict.
Singularly enough, the Code seems to make a distinction between cases of forcible entry and detainer when brought up from before a justice by appeal and by certiorari. Section 3260 requires only that the appellant, if the defendant, shall give bond as in cases of certiorari, while ss. 3131, 3137, 3138, which relate to the bond, costs, and judgment in certiorari cases, embrace simply the amount recovered with interest and costs, and have no special relation to rents and profits. *625 Sections 3362, 3363, which require a bond for rents, and provide that the jury shall ascertain the value of the rents, etc., relate only to forcible entry and detainer cases which the defendant brings into the Circuit Court by certiorari. Section 3364 is broader, and comprehends such cases brought up in either form to the Circuit Court by the plaintiff.
While there can be no question that a forcible entry and detainer case may be brought from the Circuit Court to this court by appeal, under Code, s. 3159, yet no special provision is made as to the bond in such a case. There is no statute which confers jurisdiction upon this court in a case of forcible entry and detainer brought to the Circuit Court by appeal from a justice, and from the Circuit Court to this court by appeal, to render judgment on the appeal bond for rents which have accrued pending the appeal, or authorizing this court to remand the cause for the purpose of having such rents ascertained by the verdict of a jury. The condition in the bond in this case, that the defendant shall abide by and perform the judgment of the court in the premises, refers only to such judgment as this court can lawfully render.
There is no proof in the record showing the value of the seven months’ rent which have accrued since the bond, was executed 9th March, 1871, and no statute authorizing a reference to the clerk of this court. The cause can not be remanded for further proceedings under the Code, s. 3170, because the bond, taken under s. 3360, is not a good statutory bond, as to *626 rents in a case removed into the Circuit Court by appeal. We, of course, give.no opinion as to whether there is another remedy for the rents.
Dismiss the petition at the costs of the plaintiff in error.