## C: C. Moss *v.* Union Bank.

EJECTMENT. *Title of plaintiff. Estoppel.* It is the rule in ejectment, that the plaintiff must recover, if he recover at all, on the strength of his own title. And, although it is well settled that where the plaintiff and defendant derive title from a common source, the defendant cannot, for the purpose of defeating the plaintiff, impeach the validity of the title of source whence both derive their titles, yet he can show that the plaintiff by some subsequent act has parted with his title, and has none at the time the action is brought.

Cases cited: Rochelle *v.* Benson, Meigs R., 6; Wortham *v.* Cherry, 3 Head, 469; Bowers *v.* Bowers, 10 Hum., 50.

Code cited: secs. 3229, 3248.

### FROM DYER.

Appeal from the Circuit Court. G. B. BLACK, Judge.

C. C. & J. T. Moss for complainant.

LATTA & RICHARDSON for defendant.

DEADERICK, C. J., delivered the opinion of the court.

This is an action of ejectment, brought on the 15th of September, 1871, by the Union Bank against Moss,

in the Circuit Court of Dyer county, for 997 acres of land.

The defendant resisted the recovery on the ground that he had become the purchaser of the land at several tax sales, at which it was sold as the land of said bank, and that at the time this suit was brought the plaintiff had no title thereto.

The cause by agreement was tried by the court without a jury, and judgment was given in favor of the bank, and Moss has appealed to this court.

Upon the trial in the Circuit Court, the plaintiff read a grant for the land in controversy to Daniel Wheaton, and intermediate conveyances and records under which it was claimed the title was finally vested in it. The defendant sought to establish his title by proof of the tax sales, and deeds made by the sheriffs and tax collectors. Some of the records of the proceedings to subject the land to sale for taxes having been destroyed during the late war, parol proof was introduced to supply them.

In the view we have taken of the case, it is not necessary to the decision of it that we should undertake the discussion and settlement of the questions arising upon the supplied record, and the validity of the several tax sales.

The defendant read in the trial a deed, executed on the 25th of July, 1865, by the bank to Joseph W. Allen, and registered the same day, for the tract of land in controversy, and all the other property of the bank in trust for the benefit of creditors. Two of the tax sales were made in 1860 and 1861, and

one in 1870, all having been made before the commencement of plaintiff's suit, and all but that of 1870 before the conveyance to Allen.

Plaintiff below insists that, inasmuch as defendant claims to have derived his title to the premises sued for by his purchase at tax sales of land as the property of plaintiffs, he was estopded to deny that the plaintiffs had title to the premises sued for, and the cases of *Rochelle* v. *Benson & Hunt*, Meigs R., 6, and *Wortham* v. *Cherry*, 3 Head, 469, are cited as sustaining this position.

In the first named case Judge Turley, delivering the opinion of the court, shows that both plaintiffs and defendant had taken conveyances from one Fulton, and defendant sought to show that he, Fulton, had no title prior to the conveyances to the plaintiff and to himself; that the deed from the grantee to Fulton was invalid. Judge Turley, upon these facts, declares that defendant, having entered into possession of the land claiming to hold it under Fulton by virtue of the deed of conveyance from him, is estopped from disputing his title.

In the case named in 3 Head, Judge McKinney says that "both parties derive their title from Lewis F. Wortham, the plaintiff by descent, and the defendant by purchase at tax sale. And it is a well established principle in the action of ejectment, that where both parties claim under the same third person, it is sufficient to prove derivation of title from him, without proving his title." Citing Adams on Ejectment, 248; 2 Gr. Ev., sec. 307.

The introduction of title papers to show how Lewis F. Wortham acquired his title was unnecessary. The defendant, deriving title under him, was estopped to deny his title. 3 Head, 470.

But the defendant, if not otherwise estopped, may still set up a title paramount to the common source, and derive to himself; or a title under an incumbrance, created by the common grantor, prior to the title of the plaintiff. 2 Gr. Ev., sec. 307, note 7.

Even in the case of landlord and tenant, when by reason of that relation the tenant is estopped to deny the title of his landlord, yet he may show that his "landlord's title has expired, or that he has sold his interest in the premises, or that it is alienated from him by judgment and operation of law." 2 Gr. Ev., sec. 305; 10 Hum., 50.

"Nor is a defendant in ejectment estopped from showing that the party under whom the lessor claims had no title when he conveyed to the lessor, although the defendant himself claims from the same party, if it be by a subsequent conveyance." 1 Gr. Ev., sec. 25.

In this case the defendant introduced the plaintiff's deed to Allen of July, 1865, not to impeach the original title held by plaintiff, but for the purpose of showing that at the time the suit was brought plaintiff had no title to the premises, and consequently could not maintain the action. This is not a controversy between a plaintiff and defendant, each claiming under the *same third party*, but the defendant claims that by virtue of the tax sales, before and

after the conveyance of plaintiff to Allen, he (defendant) acquired plaintiff's title. In such case he may deny the plaintiff's title to the premises, and before plaintiff can recover he must show the legal title in himself. Plaintiff can only recover upon his legal title; and when it is shown that he has divested himself of that, he is not entitled to recover.

In the case of *Kimbrough* v. *Benton,* 3 Hum., Judge Catron says: "The well-settled rule is, that the plaintiff must make out a connected legal title, and show he has an estate, and the then right of possession in himself."

To this rule an exception is made in the case of the "purchaser at sheriff's sale against the debtor in possession at the time of the levy and sale," and "we are unwilling to extend the doctrine."

The act of 1852, Code, sec. 3229, provides that "any person having a valid subsisting legal interest in real property, and a right to the immediate possession thereof, may recover the same by an action of ejectment."

The plaintiff below had neither a "valid subsisting legal interest" in, nor a "right to the immediate possession of," the land sued for.

And sec. 3248 provides, that if the right of plaintiff expire after suit is brought and before trial, the judgment shall be for damages for withholding the premises; and as to the premises, the judgment shall be that the defendant go hence without day.

If defendant had been a tenant of plaintiff's, he might, as before shown, have shown that his right

had expired, and so have successfully resisted a recovery of the premises. Much more may he, sustaining no such relation, but one of antagonism, show that plaintiff had no title to the premises when the suit was brought.

The Circuit Judge before whom the cause was tried, by consent of parties without the intervention of a jury, held that defendant could not show that plaintiff had no title to the premises, because of his purchase at the tax sales; and in this we think his Honor erred, and for this error we reverse the judgment, and rendering such judgment here as the Circuit Judge should have rendered, dismiss the suit, at the costs of the defendant in error.