H. H. RANNING *vs.* REUBEN T. REEVES and —— DEAN.

April Term, 1875.

ATTACHMENT BOND—CONDITION BEYOND REQUIREMENT OF LAW.—The clerk has no authority to take an attachment bond conditioned otherwise than as required by law, or the fiat of the judge, and any condition beyond such requirement would be void, and would be treated as surplusage, the bond being valid to the extent of its legal conditions.

CASE IN JUDGMENT.—Thus, where the fiat of the judge directed the bond to be conditioned as in attachment cases, and the bond taken by the clerk was, in addition, conditioned to abide by and perform such orders and decrees as the court may make, it was held that this condition, if its legal effect was to bind the obligors to pay any decree which might be rendered in favor of the defendant against the complainant upon the merits of the controversy, was void.

ATTACHMENT BOND—DAMAGES.—Upon a reference to the master to ascertain and report the damages sustained by the defendant by the wrongful suing out of the attachment, the burden of proof is upon the defendant to show the damages.

————, for complainant.

*D. F. Wilkin*, for defendant.

*John Ruhm*, for surety.

THE CHANCELLOR:—Bill filed August 1, 1866, alleging the formation, on the 16th of April, 1866, of a partnership between complainant and the defendant Reeves, to start a wholesale coffee and spice business in Nashville; that they had bought a stock of goods, and had the same in store and ready for business, having created debts of the partnership; that the defendant —— Dean is now here having a debt on Reeves, and in order to secure the same has caused said Reeves to sell him his interest in the partnership; that complainant objected to the sale, and now insists that it has worked a dissolution of the firm, and that he has a right to have the dissolution declared, the partnership debts paid, the business wound up, and the assets divided. To this end he asked that the partnership property be attached, and that the defendants be enjoined from interfering therewith until the further order of the court.

Upon the filing of this bill, duly sworn to, a fiat was granted by the judge ordering attachment and injunction to issue, upon complainant entering into bond, with good security, in the sum of $4,000, conditioned as in attachment cases. The bond required by law, upon the issuance of an original attachment, is directed by the Code, § 3471, to be conditioned "that the plaintiff will prosecute the attachment with effect, or, in case of failure, pay the defendant

all costs that may be adjudged against him, and also all such damages as he may sustain by the wrongful suing out of the attachment." The bond actually executed in this case was conditioned to prosecute "said injunction and attachment" with effect, or, in case he fails therein, "well and truly pay and satisfy the said obligees, or either of them, all such costs and damages as shall be awarded and recovered against the said H. H. Ranning in any suit or suits which may be hereafter brought for wrongfully suing out said injunction and attachment, and shall moreover abide by and perform such orders and decrees as the court may make in this cause, and pay such costs and damages as the court may order."

The bill does not give the christian name or initials of the defendant Dean, but the summons, attachment, and injunction designate him as W. M. Dean. The bond is made payable to R. T. Reeves and W. M. Dean. The process was returned not found as to said Dean, and no further steps in the cause were ever taken against him.

On the 9th of November, 1866, one David J. Dean filed an answer to the bill, stating that if the partnership was formed between complainant and Reeves, as charged, they afterwards took in as a partner one T. F. Northrup; that Reeves and Northrup were indebted to one W. M. Dean for a stock of goods, which constituted their contribution to the new partnership; that said W. M. Dean assigned this debt to one Isaac M. Dean, who assigned the same to defendant; that Northrup and Reeves, in satisfaction of the debt, sold and assigned their interest in the partnership with complainant, on the 27th and 31st of July, 1866, to defendant. The said David J. Dean filed a cross-bill alleging the same facts. Both in the answer and cross-bill he asked that a receiver be appointed to take charge of, and sell, the goods attached, "in accordance with the usages and instructions of this honorable court;" that an account be taken, and the interest of Reeves and Northrup ascertained and paid to him. A receiver was appointed and the property sold accordingly.

Such proceedings were had in the cause that, on the 6th of June, 1870, a decree was rendered reciting the formation of the partnership between complainant and Reeves, as alleged in the original bill; that they subsequently took into the firm the said Northrup; that, before the business actually commenced, the said Reeves and Northrup sold out their interest to David J. Dean; that this worked a dissolution of the partnership; that complainant was entitled to have the same declared, and to an account, which was ordered.

This account was afterwards taken, by which it was reported that complainant, Ranning, was indebted to the firm, as of the date of the filing of his original bill, $1,819.77, one-half of which was due to Reeves and Northrup. On the 11th of May, 1874, a decree was rendered confirming this report, and giving David J. Dean a decree against the complainant, Ranning, for this one-half, with interest. And upon motion, and the recital of the bond as aforesaid, it was referred to the master to ascertain and report "the damages" for which the surety on this bond was responsible.

The master gave notice to the parties, under this order of reference, of the time and place when he would proceed to execute it. He reports that "no testimony was offered," and that from an examination of the papers he finds that the surety is not responsible for any damages on the attachment and injunction bond, but is responsible for the costs of the cause in another bond.

The defendant David J. Dean has filed several exceptions to this report, which are, in substance, that the master fails to sustain his report by proper references to the pleadings and proof; that the rights of the parties have been settled by decree, and that the surety is liable for the balance of debt decreed in favor of the said David J. Dean against complainant, Ranning.

It has been held in this state that, in the absence of any statutory provision prescribing the penalty and conditions

of the bond in a given case, it is within the competency of the judge to order, and of the clerk to take, a bond with such conditions of liability as the judge may deem proper, as a prerequisite to the issuance of the extraordinary process of the court, and that the surety will be liable according to the terms of the bond. *Black* v. *Caruthers, Harris & Co.*, 6 Humph. 87, 91 ; *Newell* v. *Partee*, 10 Humph. 325, 327. It seems also to be settled that, where the statute provides the conditions of a bond in any given case, the surety will not be liable beyond the statutory requirements, although the conditions may be broader and express. *Ladd* v. *Riggle*, 6 Heisk. 620 ; *Sharp* v. *Pickens*, 4 Coldw. 268 ; *Banks* v. *McDowell*, 1 Coldw. 85 ; *McKernan* v. *Hall*, 1 Yerg. 397 ; *Terry* v. *Stukely*, 3 Yerg. 506. In this view the condition of the bond under consideration would not be obligatory beyond the requirements of the law in attachment cases. These requirements, as we have seen, provide only for the payment of costs adjudged, and " all such damages as he (the obligee) may sustain by the wrongfully suing out of the attachment." They do not demand, in addition, as has been inserted in the bond in this case, that the obligor " shall, moreover, abide by and perform such orders and decrees as the court may make in the cause." This language has been construed in *Black* v. *Caruthers, Harris & Co.*, 6 Humph. 91, and the obligation held to cover the amount of the money decree which may be rendered against the obligor.

While it has been held to be within the competency of the judge to draw, and the clerk to take, a bond with such conditions as may seem right to the judge, it has never been held that the clerk may take a bond beyond the requirements of the fiat. The duty of the clerk is to take such a bond as the law requires, if there be a statute, or as the judge may order, in the absence of statute. Any condition inserted in the bond beyond these requirements would be clearly void, and such provision would be rejected as surplusage, and the bond held good to the extent of its

legal conditions. *Polk* v. *Plummer*, 2 Humph. 500 ; *Banks* v. *McDowell*, 1 Coldw. 84 ; *Hutchinson* v. *Fulghum*, 4 Heisk. 550. The clerk, in this case, had no authority for demanding and taking a bond conditioned to perform the decree of the court.

The only claim, therefore, of the defendant Dean, if he have any at all, against the surety on the bond is for damages sustained for the wrongful suing out of the attachment and injunction, and the reference was properly confined to such damages. Upon such a reference the burden is upon the party claiming them to show that damages have been sustained. No evidence was offered, and the master reported that he could find nothing in the papers to render the surety liable for damages. This was all he could do. It would be absurd to ask him, under the rule of court, to refer to any part of the record to support a negative statement of this character. But, if there is evidence in the record to show that the master was in error in his conclusion, it would be easy for the defendant to call attention to it. This has not been done, either by exception or in the oral argument.

I have myself examined the record, and am clearly of opinion that the master was right in his conclusion. The complainant did successfully prosecute his attachment and injunction, and obtained the relief he asked and was entitled to. The sale by Reeves and Northrop to Dean was a dissolution of the partnership, and he had a right to come into this court to have the dissolution formally declared, and his rights ascertained. The fact that he was eventually brought in debt to the firm could in no way prejudice his original rights. In this view the condition of the bond never came into play upon the matter of damages, for there never was any breach. *McCombs* v. *Hall*, 4 Yerg. 455.

This conclusion renders it unnecessary to consider what effect the misnomer of the obligee in the bond, or the insertion of the name of an obligee other than the defendant David J. Dean, would have upon the obligation of the

complainant and his surety as between them and said David
J. Dean.

The exceptions to the master's report will be overruled
and the report confirmed.