State v. Lewis.

THE STATE v. WALTER LEWIS, Appellant.

Division Two, March 30, 1915.

1. **DYING DECLARATION: Admissibility: Sense of Impending Death: Expressed Two Days Before Death.** Where deceased soon after he was shot was examined by a physician and told by him that the wounds were fatal and he was bound to die, whereupon he said he knew it and began to tell his friends good-bye, and asked his father-in-law who stood by if he would take care of his wife and children, his dying declaration detailing the facts of the difficulty thereafter made was admissible in evidence, though he did not die for two days later. The admissibility of the declaration is dependent upon the declarant's belief of his impending dissolution at the time it is made, and not on the length of time which intervenes between its making and his death.

2. ———: ———: ———: **Repeated to Each Witness.** If the facts show that declarations of declarant were made in a consciousness of the near approach of death, it will be presumed that this state of mind continued until the contrary appears. Where the facts show that deceased at the time he made certain declarations to a physician and other witnesses was possessed of the belief that he was going to die, statements made by him a few minutes after they had withdrawn from his presence, to another witness to whom he did not express his belief that his death was or was not impending, are admissible as dying declarations, if otherwise competent.

3. ———: **Competency: Detailing Facts.** The testimony of witnesses who undertook to detail the things stated by declarant

at a time when he believed his death to be impending, which is confined to matters and facts occurring at the time of the shooting and consisted of a continuous and connected statement of relevant facts, and in which are not included mere conclusions of declarant and which does not consist of a disconnected patchwork of relevant and irrelevant matters, is both competent and relevant.

4. **GENERAL OBJECTION: To Exclusion of Testimony.** A general objection to the court's ruling in excluding parts of the testimony of defendant's witnesses, consisting simply of "I object," no other reason being assigned at the time in opposition to the court's ruling, is no such definite and specific objection as authorizes a consideration of the ruling on appeal, even if erroneous.

5. **INSTRUCTIONS: Murder in First Degree.** Where defendant was convicted of murder in the second degree, he cannot complain of a given instruction on murder in the first degree, whether correct or incorrect.

6. ————: ————: **Submitting Lesser Offense.** Where defendant was prosecuted for murder in the first degree and there was evidence tending to show murder in the second degree, he will not be heard to complain that the court gave an instruction authorizing a conviction of the lesser offense.

7. ————: **Murder in Second Degree: No Deliberation.** Where deceased struck defendant just a few minutes before the latter shot him, and deceased grappled with defendant just as the latter shot him, there was absent that deliberation necessary to constitute murder in the first degree, but sufficient evidence to authorize an instruction on murder in the second degree.

8. ————: **Refusing Defendant's: Comment on Evidence.** It is not error to refuse instructions asked by defendant, if they comment on the evidence (singling out certain facts and directing the jury to consider them and not embracing other essential facts necessary for a proper consideration of the case) and if the instructions given cover every phase of the case under the evidence and are correct expressions of the law.

9. **ARGUMENT TO JURY: Comment on Defendant's Failure to Deny Hurtful Statements Imputed to Him by Witnesses.** It is not error for the State's counsel to comment upon the fact that defendant while testifying had not denied certain damaging statements imputed to him by other witnesses. [Following State v. Larkin, 250 Mo. 218.]

Appeal from Washington Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

Frank H. Farris, S. G. Nipper and Byrns & Rhodes for appellant.

(1) The admission of the statement of witness Foard, that on July 23, 1911, while they were discussing some trouble between two women, and a fight that some one had with Robert Edsell, that defendant said, "If he got in trouble with any of them, they would never have any trouble when he was through with them," was prejudicial error. It was not a threat nor any expression of malice or ill will. It was not a statement of any intention or desire to do anything toward the deceased. It was said with no reference to the deceased. It referred to no event that had happened, and did not forecast anything which was to happen. It was a mere nothing. Black's Law Dictionary, p. 1171; 6 Ency. Evidence, pp. 710-711; State v. Crabtree, 111 Mo. 141. (2) Again, if it was admissible, it was not for the witness to say to whom it had reference, or what person it affected. It was for the jury to determine that. State v. Hopper, 142 Mo. 482. The statement of the witness in this case is not included within the rules declared in the following cases: State v. Guy, 69 Mo. 434; State v. Grant, 79 Mo. 137; State v. Brown, 188 Mo. 465; State v. Feeley, 194 Mo. 313. (3) The testimony of witness Foard as to dying declarations of deceased was also inadmissible. The preliminary condition of the deceased, that is, his knowledge and belief of impending dissolution, and certain death, at the time of making the statements, were not sufficiently established to make the statements of deceased dying declarations, and they were not a part of the res gestae, and therefore hearsay. 1 Greenleaf on Evidence (12 Ed.), secs. 158, 160; 21 Cyc. 973, 974, 976. It is always necessary to lay a foundation for the introduction of dying declarations on the trial by first proving

that they were made under a sense of impending death. 21 Cyc. 982; State v. Simon, 50 Mo. 373; State v. McCannon, 51 Mo. 161; State v. Johnson, 76 Mo. 125; State v. Partlow, 90 Mo. 629; State v. Mathes, 90 Mo. 573; State v. Elkins, 101 Mo. 350; State v. Johnson, 118 Mo. 501; State v. Nocton, 121 Mo. 549; State v. Zorn, 202 Mo. 31; State v. Horn, 204 Mo. 546. The testimony was not admissible for the further reason, that the witness used his own construction of deceased statements, instead of using the language of deceased, and stated things which were conclusions, and did not refer to the acts and identity of the defendant, nor to the actual combat between him and defendant. State v. Horn, 204 Mo. 546; State v. Parker, 172 Mo. 202; State v. Kelleher, 224 Mo. 167; State v. Kelleher, 201 Mo. 636. (4) The testimony of witness Silas Baker was hearsay and inadmissible. It was not a part of the *res gestae,* was not shown to be a dying declaration, and was the mere repetition of the statements of deceased after the difficulty was over. No attempt was made to lay the foundation for its admission as a dying declaration, and the record shows that it was not the same conversation, and was not had at the same time as those admitted as dying declarations to other witnesses. State v. Simon, 50 Mo. 373; State v. McCannon, 51 Mo. 161; State v. Johnson, 76 Mo. 125; State v. Partlow, 90 Mo. 629; State v. Mathes, 90 Mo. 573; State v. Elkins, 101 Mo. 350; State v. Johnson, 118 Mo. 501; State v. Nocton, 121 Mo. 549; State v. Zorn, 202 Mo. 31; State v. Horn, 204 Mo. 546. The testimony of this witness was not admissible under any rule. State v. Parker, 172 Mo. 675. (5) The striking out of the answers of Homer Hopkins and of John Brown, witnesses for defendant, and the action of the court in the examination of John Brunk, witness for defendant, were error, and prejudicial to the defendant. The questions and answers in each of these in-

stances were proper and admissible, and clearly within the rules.

*John T. Barker,* Attorney-General, and *Lee B. Ewing,* Assistant Attorney-General, for the State.

(1) The defendant having been convicted of murder in the second degree cannot complain of instructions given upon murder in the first degree. However, said instruction number 1 on murder in the first degree was proper. State v. Lewis, 248 Mo. 498; State v. Little, 228 Mo. 293; State v. Heath, 221 Mo. 565; State v. Bobbitt, 215 Mo. 18. Instructions 2, 3, 4, 6, 7, 8, and 9 are verbatim copies of instructions given on the former trial of this case and were approved upon the former appeal. They are in form long recognized as correct by this court. State v. Lewis, 248 Mo. 509; State v. Todd, 194 Mo. 377; State v. Sebastian, 215 Mo. 58; State v. Fitzgerald, 130 Mo. 420. Instruction number 11 properly declared the law as to statements made by defendant, and presumptions arising therefrom. State v. Wilson, 223 Mo. 173. Instruction number 14 is a correct declaration of law as to the weight to be given the dying declaration. State v. Parker, 172 Mo. 191; State v. Zorn, 202 Mo. 31. The court properly refused to give defendant's instructions numbers 1, 2 and 3. They are not correct declarations of law and are comments upon the evidence. Number 1 was refused properly, because the matters therein had already been covered by instruction number 14, given on behalf of State. State v. Parker, 172 Mo. 191; State v. Mitchell, 229 Mo. 683; State v. Bobbitt, 215 Mo. 42. There is ample testimony upon which the jury might base a verdict of murder in the second degree. The court did not err in giving an instruction upon murder in the second degree. State v. Bobbitt, 215 Mo. 38; State v. West, 202 Mo. 138; State v. McMillen, 170 Mo. 630; State v. Scott, 172 Mo. 536; State v. Frazier,

137 Mo. 340. Defendant having been tried upon an information charging him with murder in the first degree and there having been testimony to sustain that charge, cannot complain because an instruction was given on murder in the second degree and he was found guilty of the lesser crime. Secs. 4903, 5115, R. S. 1909; State v. Fields, 234 Mo. 624; State v. Whitsell, 232 Mo. 522; State v. Todd, 194 Mo. 377; State v. Edwards, 203 Mo. 528; State v. Darling, 199 Mo. 202; State v. Billings, 140 Mo. 205. (2) The dying declaration of deceased was properly admitted in evidence. It was made under sense of impending death, when hope of life was gone. State v. Finley, 245 Mo. 465; State v. Dipley, 242 Mo. 461; State v. Gow, 235 Mo. 326; State v. Colvin, 226 Mo. 446; State v. Kelleher, 201 Mo. 614; State v. Craig, 190 Mo. 332. (3) Other exceptions to the admission of testimony are not worthy of notice. The exceptions were general and therefore amounted to no exception. State v. Crone, 209 Mo. 330; State v. Priest, 215 Mo. 6; State v. Colvin, 226 Mo. 490; State v. McKenzie, 228 Mo. 598. (4) The argument of James Booth, counsel for State, in the closing address to the jury, was proper. He had the right to comment on defendant's failure to deny certain statements sworn to have been made by him; defendant having taken the witness stand. State v. Larkin, 250 Mo. 218.

WALKER, J.—On an amended information filed in the circuit court of Washington county charging appellant with murder in the first degree in having shot and killed one James Edsell, appellant was upon a trial in said circuit court at its August term, 1913, convicted of murder in the second degree and his punishment assessed at ten years' imprisonment in the penitentiary. Upon the overruling of his motion for a new trial, an appeal was granted to this court, and the approval of a bail bond by the trial court authorized

a stay of execution pending the determination of the case here. This is the second appeal in this case. After a conviction of murder in the second degree at the first trial upon the same information under which appellant was tried in the instant case, he appealed to this court and the judgment of the trial court was reversed and the case remanded for a new trial for the errors set forth in the opinion. [248 Mo. 498.] The facts in each trial are substantially the same in all material matters, as admitted by counsel for appellant, except as to the admission at the second trial of evidence in regard to dying declarations. For a statement of the facts, therefore, reference may be had to the court's opinion on the first appeal, except as to matters not therein reviewed, which will be set forth at length.

The witnesses in regard to the dying declarations were Dr. David Foard, Silas Baker and Henry Tyrey. Dr. Foard, whose testimony is in the main that of the others, testified that he reached the scene of the shooting about 10:30 o'clock p. m., August 6, 1911; that he was called there to attend James Edsell, who was alleged to have been shot by appellant. Upon his arrival the doctor found Edsell lying on the ground in front of the church; that he examined and determined the location of the wounds, and informed Edsell they were fatal and that he was bound to die. Edsell said he knew it, and began to tell his friends good-bye. One of them was his father-in-law, Mr. Tyrey. In telling them good-bye Edsell said he knew he was going to die, and, addressing his father-in-law, asked him if he would not take care of his (Edsell's) wife and children. Edsell, in detailing the facts in regard to the difficulty to the witness after he had said he knew he was going to die, stated, in effect, that after he (Edsell) and some young men present had been quarreling appellant said to Edsell: "You have said enough to the boys;" that he (Edsell) then stepped down off of the porch before

the church door and struck appellant and a shot was
fired which struck and wounded a Miss Palmer, who
fell to the ground; that he (Edsell) turned to where the
girl had fallen and was stooping over her, and upon
rising up saw appellant right at him with a gun drawn
on him; that he (Edsell) grabbed or struck at the gun,
but could not get it out of appellant's hands, and that
he and appellant then clinched and two shots were
fired.   Edsell died at his home August 8, 1911, two
days after the difficulty, from the effects of the gunshot
wounds.

Appellant assigns as error: (1)  The improper ad-
mission of the testimony of certain witnesses as to the
dying declarations of the deceased; (2) The exclusion
of certain testimony of appellant's witnesses named
in the motion for a new trial; (3)  The giving of all of
the instructions on the court's own motion; (4)  the
refusal of instructions numbered 1, 2 and 3 asked by
the appellant; and (5)  permitting special counsel for
the State to refer to what appellant failed to say when
he was a witness and subject to cross-examination.

I. *Dying Declarations.*—Appellant contends that
error was committed in admitting statements of certain
witnesses in regard to the dying declarations of the
deceased.   It is elementary that dying declarations are
admissible when made under an impression of impend-
ing death.   It will be recalled that the deceased was
told by the witness, Dr. Foard, that his wounds were
fatal and that he was bound to die from the effects
of same.   To this the deceased replied that he knew
this to be a fact, and thereafter he bid friends who
approached him good-bye and especially requested his
father-in-law to take care of his wife and children.
These parting adieus and his anxious solicitude as to
the future care of his wife and children are confirma-
tory of his general realization expressed to the wit-
ness, Dr. Foard, that he was conscious of his impend-

ing dissolution, and renders Dr. Foard's testimony clearly admissible. As was said in State v. Colvin, 226 Mo. l. c. 482: "It is enough, if it satisfactorily appears, in any mode, that they were made under that sanction; whether it be directly proved by the express language of the declarant, or be inferred from his evident danger, or the opinions of the medical or other attendants, stated to him, or from his conduct, or other circumstances in the case, all of which are resorted to, in order to ascertain the state of the declarant's mind." In the same case, following the rule laid down in earlier cases, it is held that the length of time between the declarations and the death of the declarant furnishes no rule for the admission or rejection of the testimony. The admissibility of the testimony being, in its last analysis, dependent upon the declarant's impression of impending dissolution and not the rapid succession of death. In the instant case, the declarations of deceased were made soon after he had been shot, but death did not ensue until two days later. In State v. Wilson, 121 Mo. l. c. 439, statements made by a deceased as to the circumstances under which he was shot were obtained from the deceased six days before he died. In Commonwealth v. Cooper, 5 Allen (Mass.), l. c. 497, where a person believed he could not recover, his declarations made to a witness as to the assault seventeen days before his death were held admissible. The court said in this case that the question as to the admissibility of testimony of this character "does not depend upon the length of interval between the death and declaration, but on the state of the man's mind at the time of making the declaration, and his belief that he is in a dying state."

The consciousness of the declarant in the instant case that his wounds were fatal renders admissible the testimony of the witnesses, other than Dr. Foard, to whom the deceased made relevant statements in regard to the difficulty after his declaration to Dr. Foard of a

belief in his impending dissolution. No other tenable objection can be raised to the testimony of these witnesses, because it fills the full measure as to the competency and relevancy of evidence of this character, in being confined to matters occurring at the time of the shooting and in detailing facts and not mere conclusions of the declarant, and, if the rule required it, comprising a continuous and connected statement of facts and not a disconnected patchwork of relevant and irrelevant statements. We would not be understood as holding that a statement of facts in a dying declaration brought out by proper questions to which relevant answers were made would not be admissible as a dying declaration, as has been held in a number of well-considered authorities (Rex v. Fagent, 7 Car. & P. 238; Vass v. Commonwealth, 3 Leigh (Va.), 786; State v. Martin, 30 Wis. 216; People v. Sanchez, 24 Cal. 17), but to emphasize the fact that in the case at bar even this objection could not be urged against the declarations.

II. *Exclusion of Testimony.*—Appellant contends that the trial court erred in excluding parts of the testimony of certain of his witnesses, whose names are set forth in the motion for a new trial. After a careful examination of the entire testimony, especially that of the witnesses named, we find that no such definite and specific objections were made to the court's ruling in this regard as to preserve the errors, if they existed, for our consideration. No reasons were assigned in opposition to the trial court's rulings, counsel for the appellant simply contenting themselves with "I object." This, we have repeatedly held, is not an objection sufficient to base an exception thereon which will authorize a review of the trial court's action here. It is not a finical reason to exclude matters sought to be preserved for review by this class of objections, but the rule is based upon an effort on the part of the

courts to promote a careful and correct administration of the law. The trial court is entitled to know the reasons which move counsel to action in the stress of a trial, and it is but fair that they should be stated in order that intelligent rulings may be made upon the matter in controversy. More briefly stated, the reason being given by counsel for his contention, the trial court will be better enabled to rule rightly and the appellate court to determine whether there is ground for reversal on account of the alleged erroneous ruling. See State ex rel. v. Diemer, 255 Mo. l. c. 345, in which Judge LAMM learnedly and laboriously compiles and comments upon the Missouri authorities in which it has been ruled that general objections to the action of the trial court in regard to testimony are no objections. In State v. Crone, 209 Mo. l. c. 330, a like ruling confined to criminal cases appears supported by references to a number of earlier cases. There is, therefore, no merit in appellant's contention that the trial court erred in ruling upon the evidence.

III. *Instructions Given.*—Appellant contends that the instructions, fourteen in number, given by the court on its own motion, were erroneous. Instruction numbered 1 correctly declared the law in regard to murder in the first degree. Appellant, however, was convicted of murder in the second degree, and if the instruction had been erroneous he would not be heard to complain. This was ruled as above stated upon the former appeal in this case. [State v. Lewis, 248 Mo. l. c. 504, following a like ruling in earlier cases.]

Instructions numbered 2, 3, 4, 5, 6, 7, 8 and 9 covered murder in the second degree, presumptions arising from the use of a deadly weapon, credibility of witnesses, credibility of defendant as a witness, presumption of innocence, reasonable doubt, and that the information was a mere formal charge. These instructions were literal copies of in-

structions approved in the former review of this case by this court, are in the forms which have oftentimes received judicial sanction, and time and space will not be consumed in their further discussion, except to say that instruction numbered 2 for murder in the second degree was based upon sufficient evidence to authorize its being given. The deceased struck appellant just a few minutes before the latter shot him; deceased grappled with appellant just as the latter shot him. There was, from these facts, an absence of that deliberation necessary to constitute murder in the first degree, and hence the giving of the instruction was authorized. Furthermore, having been prosecuted for murder in the first degree, and there being evidence to submit that grade of homicide to the jury, the appellant will not be heard to complain because the court gave an instruction authorizing a conviction for a lesser offense. Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the offense charged, but guilty of a grade of the offense inferior to that charged. [Sec. 4903, R. S. 1909.] This power having been conferred upon juries, we are precluded by section 5115, Revised Statutes 1909, from arresting or setting aside the verdict because the accused was convicted of a less offense than that charged. [See State v. Bobbitt, 215 Mo. l. c. 38.]

Instruction numbered 10 is in regard to self-defense. Notwithstanding its great length, it correctly declares the law and follows approved precedents to be found in State v. Sebastian, 215 Mo. l. c. 76, and State v. Lewis, 248 Mo. l. c. 508.

Instruction numbered 11 relates to statements out of court. A similar instruction in all of its material features was approved by this court in State v. Wilson, 223 Mo. l. c. 192, and many previous cases.

Instructions numbered 12 and 13 were given at the request of appellant.

Instruction numbered 14 in regard to dying declarations followed approved precedents found in State v. Colvin, 226 Mo. l. c. 487; State v. Zorn, 202 Mo. l. c. 31; and State v. Parker, 172 Mo. l. c. 203.

IV. *Instructions Refused.*—The trial court refused appellant's instructions numbered 1, 2 and 3. Each of these instructions commented upon the evidence, singled out certain facts and directed the jury to consider them, without embracing other essential facts necessary to a proper consideration of the case; in addition, if instruction numbered 1 had been properly framed it was fully covered by instruction numbered 14 given by the court.

There was, therefore, no error committed in the refusal of these three instructions asked by appellant, especially in view of the fact that the instructions given covered every phase of the case under the evidence.

V. *Remarks of Counsel for State.*—Counsel for the State in his argument stated that "three witnesses," naming them, "had testified that on the night after the shooting the appellant had visited Miss Palmer, the girl who was wounded when the first shot was fired, and had said to her, 'Laura, I shot, and killed you,' and that appellant had gone on the witness stand to testify and had not denied same." Miss Palmer had been escorted to the church by appellant the night of the shooting and was standing by his side when the first shot was fired which struck the girl. It was true, as stated by counsel, appellant did not when on the stand deny this declaration stated to have been made by him to Miss Palmer. Under our ruling in the recent case of State v. Larkin, 250 Mo. 218, in which FARIS, J., lucidly and exhaustively reviewed the statute (section 5243) and overruled the cases construing this statute and holding that counsel for the State could

not comment upon the failure of a defendant to testify, we hold that the remarks of counsel in the instant case were not error. The reasoning on this point in the Larkin case is, to our mind, so conclusive that nothing need be added thereto, except to say that the conclusion there reached removes one more of the technical pretexts heretofore successfully interposed to prevent a wholesome administration of the criminal law without, in any manner, depriving a defendant of a substantial right.

We find no prejudicial error in this case; the judgment of the trial court should therefore be affirmed, and it is so ordered. All concur.

PER CURIAM.—Appellant in his motion for rehearing contends that we have overlooked, to his prejudice, his exception to the admission by the trial court of the testimony of Silas Baker, a witness for the State, who testified as to certain dying declarations of deceased. The burden of this contention is that at the time of the making of the declarations to this witness the deceased did not express a belief that he was *in extremis*. This belief had been expressed by the deceased to Doctor Foard, who was leaving just as the witness came into the presence of the deceased. The latter, after saying to the witness Baker, "I guess I got what was prepared for me," proceeded to state the facts and circumstances connected with the difficulty. He made no statement to this witness as to his belief of his impending dissolution, nor did he then, or thereafter, indicate a belief that he would recover.

It is not a prerequisite to the admission of dying declarations that the declarant should state to each one to whom he makes the declarations that he believes he cannot recover, or words of similar import.

Dying declarations are admitted, first, on account of public necessity, and, second, because it is presumed

that the declarant, believing himself to be in the presence of death, will speak truly. The state of mind of the declarant, therefore, is of prime importance in determining whether dying declarations are admissible or not. If, therefore, the declarations of the declarant find expression in a consciousness of the near approach of death it will be presumed that this state of mind continues until the contrary appears. The application of this rule to the admission of dying declarations has been expressly approved by this court in the recent case of State v. Finley, 245 Mo. l. c. 473, in which Brown, J., speaking for the court, says in effect: that although the declarant did not state that he was about to die, yet if he had stated to others than the witness whose statements were sought to be admitted that "he was mighty bad and bound to die," what he said to the witness, if otherwise competent, is admissible in evidence as a dying declaration.

There was no absence of preliminary proof necessary to authorize the admission of the statements made by the deceased to the witness Baker. The belief of the deceased that he could not recover, expressed to Doctor Foard a few minutes before the statements were made to the witness Baker, constituted sufficient proof to entitle these statements to admission as dying declarations. We, therefore, hold that appellant's contention as to the inadmissibility of the statements made by Baker is without merit, and we overrule the motion for rehearing.