## J. C. RHEA v. WALTER REDUS, et al.

Middle Section.   February 21, 1928.

W. H. Crowell, of Shelbyville, for appellants.
Jones & Wagstaff, of Pulaski, for appellee.

DeWITT, J.  By his bill as amended complainant sought to establish a possessory right in a tract of about fifty acres of land in Giles

county, obtain the possession of the land, extinguish certain claims of defendants as a cloud upon the title thereto, and recover of them the rents and profits of the land while in their possession since his claim of right accrued. The bill was sustained by the Chancellor.

The defendants, persons of color, were George Redus, his sister and two brothers. As to all except George Redus the bill was taken for confessed. The real issues were between complainant, Joseph C. Rhea and defendant George Redus.

Complainant purchased the land at a public sale for foreclosure made by J. D. Rhea, trustee, on January 20, 1923 under a deed of trust executed by Ann Redus on October 30, 1920 to secure the payment of certain notes. No question is made as to the regularity of the foreclosure. The validity of the deed of trust is assailed on the ground that Ann Redus had no title to the land. The title to this land was vested in Taliaferro Redus, her husband, by deed of I. W. Thomas in 1883. He was an uncle of the defendants. He lived as a slave in Alabama until he became free by governmental emancipation. He was a soldier in the Federal army and his widow, Ann, received a pension after his death. After the Civil War they removed to Giles county, Tennessee, bringing with them a girl, Malinda, a daughter of Taliaferro by a woman with whom he had lived under an agreement between their respective masters that they should live together as husband and wife. Malinda married one Vaughan. Taliaferro Redus, joined by his wife, Ann, conveyed the land to Malinda, reserving to him an estate for and during his lifetime. Malinda died in 1895, intestate and without issue, leaving surviving her husband, who died in 1910.

Complainant claimed, and the Chancellor found, that upon the death of Taliaferro Redus in 1908, his widow, Ann, continued in possession and held possession of the land openly, notoriously, peaceably and adversely until her death in 1921, occupying a dwelling house thereon and keeping the land at all times enclosed by fence; that thereby she acquired a possessory right under Shan. Code, sec. 4458, which passed under her deed of trust and then through the foreclosure to the complainant. He also claims that upon the death of Malinda Vaughan her title was inherited by her father, Taliaferro, as her only heir, and that as he died without other heirs capable of inheriting, his title was inherited by his widow, Ann, under section 4165 of Shannon's Code.

Defendant George Redus claimed that after the death of Taliaferro Redus he went upon the premises with Ann Redus and remained thereon in open, notorious, adverse possession, receiving the rents and profits therefrom, paying the taxes thereon, exercising ownership thereof and making improvements thereon. He also claimed title under the will of Ann Redus in which she devised the land to

him. He also claimed that the defendants inherited the land from their uncle, Taliaferro Redus, denying, of course, that Ann Redus had inherited it from him.

The Chancellor found that sometime after the death of Taliaferro Redus, George Redus became merely a tenant at will of Ann Redus and after her death unlawfully sought to remain in possession of the premises. The weight of the evidence sustains this conclusion and also the finding that Ann Redus for about thirteen years had adverse possession of the entire tract.

Complainant also claimed that George Redus was estopped to dispute his claim of right, and this claim was sustained by the Chancellor. Ann Redus attempted to devise the land to George Redus, appointing him as her executor. He probated this will, qualified as executor and attempted to convey the land by deed of trust to one M. Elias. In this conveyance he recited his claim of title by virtue of the will and not by inheritance, as he and the complainant claimed under Ann Redus as a common source of title, he is estopped to dispute the title of complainant. Another ground of estoppel was the act of George Redus in attesting the deed of trust of Ann Redus to J. D. Rhea, trustee. This was made to secure the payment of certain notes of which George Redus was a co-maker with Ann Redus. Another was the execution by George Redus and Cleveland Redus and their wives on February 4, 1922, of an instrument in which it was recited that George and Cleveland had been unable to pay the taxes and the first note of $704.55 given by them and Ann Redus for the purchase of another tract, and which note and other purchase money notes were held by J. D. Rhea. In this instrument said Rhea agreed to an extension of time for payment of the first note and to grant to George and Cleveland the use of the lands for the year 1922; and also to surrender to them all of the notes upon their conveyance to him of said tracts of land. George and Cleveland bound themselves to make this conveyance. The instrument contained the following:

> "And I, George Redus, executor of the estate of Ann Redus and sole beneficiary thereof, do bind myself to make deed as above stated of said fifty acres, without any further consideration, and without delay."

These acts in our opinion impose an estoppel upon George Redus to deny the right of complainant to the possession of the land. Moss v. Union Bank, 66 Tenn., 216; Tenn. Coal, etc., Co. v. McDowell, 100 Tenn., 565, 47 S. W., 153, Pomeroy's Eq. Jur., sec. 818; see notes to Saylor v. Kentucky-Cardinal Coal Corporation, et al., 50 A. L. R., 666.

In Equity Loan and Security Co. v. Lewman (N. C.), 3 L. R. A., 879, it is held that the true owner of land by attesting a deed the

contents of which he knows, even made by a person who has no title, would be estopped from asserting his title as against the grantee.

Inasmuch as Malinda Vaughan was the issue of a slave marriage in another State, her parent could not inherit from her under section 4178a1 of Shannon's Annotated Code, for the reason that this section does not apply to slaves living in other States, being restricted to slaves who had been living together within this State as husband and wife. Napier v. Church, 132 Tenn., 111, 177 S. W., 56; Cole v. Taylor, 132 Tenn., 92, 177 S. W., 61; therefore the defendants derived no title by inheritance from Taliaferro Redus as he did not inherit from Malinda Vaughan. Nor could Ann Redus as widow of Taliaferro Redus be treated as holding possession for the benefit of herself and heirs of Taliaferro Redus, for he had no heirs.

It is insisted however for appellant that the complainant must show both the legal title and the right of immediate possession in him in order to recover, as provided in section 4970 of Shannon's Annotated Code, relating to actions of ejectment. It is true that under said section the person seeking relief must show a complete legal title in himself, however wrongful the possession of the defendant may be. King v. Coleman, 98 Tenn., 500; Brier Hill Collieries v. Gernt, 131 Tenn., 542, 175 S. W., 60. But this is not an action of ejectment, it is merely a suit to recover possession. It is only necessary in such suit that the complainant aver and show that he is entitled to the immediate possession of the land, and that the defendant wilfully detains the same from him. Gibson's Suits in Chancery, 2 Ed., sec. 1045. This is in the nature of an action of forcible entry and detainer, or unlawful detainer.. Shannon's Annotated Code, secs. 5090-5094. We concur in the finding of the Chancellor that Ann Redus acquired a possessory right to this land by adverse possession for more than seven years, under section 4458 of Shannon's Annotated Code; and that George Redus was merely a tenant at will of Ann Redus. George Redus is also estopped to deny the possessory right of Ann Redus and the acquisition of that right by the complainant. Demand was made by complainant upon George Redus for the possession of the land before this suit was instituted, and he refused to surrender possession. His refusal was wrongful. His tenancy was subordinate to the paramount right of Ann Redus, which passed to the purchaser under foreclosure of the deed of trust. Treating George Redus as a tenant under Ann Redus by a contract, express or implied, and later under her vendees, he forfeited his term when he disclaimed to hold under complainant, and became subject to be dispossessed by an action of unlawful detainer. Ladd v. Riggle, 6 Heisk., 620. In the deed of trust of Ann Redus to J. D. Rhea there is the following provision:

"In the event of a sale of said property under and by virtue of this trust, then the said party of the first part, and all persons holding under her shall be and become the tenants at will of the purchaser of the same, from and after the execution and delivery of a deed to such purchaser, said tenancy to be determined at the option of said purchaser upon five days' written notice."

Under such a provision a constructive entry that enables him to maintain unlawful detainer attaches as soon as a title is acquired by a purchaser at such foreclosure sale. Griffith v. Brackman, 97 Tenn., 387, 37 S. W., 273.

We are therefore of the opinion that there is no merit in the assignments of error and they are overruled. The decree of the Chancellor is affirmed. The costs of the appeal will be adjudged against the appellant George Redus. The cause will be remanded to the chancery court of Giles county for further proceedings.

Faw, P. J., and Crownover, J., concur.